# IN THE COURT OF APPEALS OF IOWA

No. 21-1387
Filed January 12, 2022

**IN THE INTEREST OF L.M. and L.M.,**
**Minor Children,**

**S.K., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Mills County, Scott D. Strait, District Associate Judge.

The mother appeals the termination of her parental rights to five-year-old twins. **AFFIRMED.**

Keith R. Tucker, Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, and Natalie Deerr, Assistant Attorney General, for appellee State.

Abby Davison, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

The mother of five-year-old twins appeals the termination of her parental rights.[1]  She argues that the State failed to prove "abandonment," under Iowa Code section 232.116(1)(b) (2021), and that the court erred in finding that the children could not be returned to her because of her substance abuse or drug addiction, under Iowa Code section 232.116(1)(f).  She also argues that the termination was not in the children's best interests.  In the alternative, she requests the court grant her an extension of time to reunify with the children.

Our review of termination-of-parental-rights proceedings is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  We give weight to the juvenile court's factual findings, but are not bound by them.  *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018).  The paramount concern is the children's best interests.  *L.T.*, 924 N.W.2d at 526.  The State must present clear and convincing evidence to support termination.  *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014).  "Evidence is 'clear and convincing' when there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

Our review of termination-of-parental-rights is a three-step analysis: the first step is to determine whether any ground for termination under the statute has been established; if so, then we determine whether the best-interest framework as laid out in the statute supports the termination of parental rights; finally, if we find that the statutory best-interest framework supports the termination of parental rights,

---

[1] At the hearing, the father stipulated to the termination of his parental rights to these two children.  He has not appealed.

we consider whether any exceptions in the statute apply to preclude termination of parental rights. *In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016). Although termination proceedings are generally reviewed following a three-step framework, we need not consider steps that the parent does not dispute on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The district court found the State proved by clear and convincing evidence the allegations under Iowa Code sections 232.116(1)(b) and 232.116(1)(f) and ordered termination. The court found that the children could not be returned to the mother because she had gone through substance-abuse treatment multiple times, failed to maintain sobriety, failed to engage in random drug screens, did not maintain a place of importance in the children's lives nor reassumed parental responsibility of the children. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(f).[2] The mother only contests the finding as to element (4), claiming the evidence did not prove by clear and

---

[2] Under that ground, the State must prove that all of the following have occurred:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

convincing evidence that at the present time the children cannot be returned to her custody.

**DISCUSSION.**

### A. Termination under Iowa Code section 232.116(1)(f).

It is undisputed that the children were over the age of four years; they were adjudicated children in need of assistance by court order on March 26, 2019; and the children were last removed from the mother's physical custody on March 4, 2020, and have not been in her physical custody since. The termination hearing was held on September 1, 2021, and the termination order was filed on September 17, 2021. We examine the mother's substance abuse and whether the children could have been returned to her at the time of the termination hearing.[3]

The family first came to the attention of the juvenile court in 2018. Since the court's involvement, there have been three removal and sixteen other hearings. Initially, the children were placed in the mother's care after removal from the father for substance abuse. The mother also has a lengthy history of drug usage, including methamphetamine and marijuana. In March 2019, at the adjudication hearing, the mother struggled to be consistent in completing drug screens. At the dispositional hearing in May, the mother continued to not comply with drug screening ordered by the court. During the pendency of this case there were two

---

[3] *See* Iowa Code § 232.116(1)(f)(4); *see D.W.*, 791 N.W.2d at 707 (interpreting "at the present time" to mean "at the time of the termination hearing"); *In re J.B.*, No. 17-2038, 2018 WL 1182770, at *2 (Iowa Ct. App. Mar. 7, 2018) (clarifying "at the present time" under subparagraph (4) "means at the time of the termination hearing"); *see also In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to a parent's custody as provided in section 232.102 if doing so would expose the child to any harm amounting to a new child-in-need-of-assistance adjudication).

founded child abuse assessments due to the children testing positive for THC and the mother's positive drug screens and active use while caring for the children.

Following a positive drug screen for methamphetamines, the mother entered treatment the first time in July 2019. She completed treatment in November 2019. At the Bridge Order hearing in March 2020, the mother was late and appeared agitated. The court ordered testing, and she tested positive for methamphetamine and had obviously relapsed. The children were placed in the Iowa Department of Human Service's (DHS) care. In October 2020, at the review hearing, the mother had completed a second substance abuse treatment at Jackson Recovery. In February 2021 the children were once again removed from their father due to his drug usage and placed in foster care. The mother did not take any drug tests for months leading up to the termination and has been inconsistent throughout the case in providing drug screens. Despite, mental-health treatment being recommended since the inception of this case, the mother also has not fully addressed that concern.

At the time of termination hearing the mother's whereabouts were unknown. She did not attend the termination hearing. She had not seen her children in five months prior to the termination hearing. Until the first week of May 2021, the mother had been residing at the Stephen Center in Omaha, her third in-patient treatment; however, it was reported by the center that the mother had a weekend pass and never returned. Since then, there was no visitation via video or therapeutically between the mother and her children.

Despite attending treatment twice successfully, the mother could not maintain her sobriety long-term in the community. She failed to comply with drug

testing and disengaged entirely from services. At the time of the termination hearing, the DHS could not confirm whether she had stable housing or the ability to provide for the children's basic needs. The children have adjusted to the foster family's home. Their medical and physical needs are being met by that family.

A parent's addiction by itself can result in "harmful effects" to the child as defined in Iowa Code section 232.2(6)(c)(2). *In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014) (concluding a parent's addiction to methamphetamine can create an environment dangerous for children's physical, mental, and social wellbeing); *see also A.B.*, 815 N.W.2d at 776 (noting "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children.") The term "harmful effects" "pertains to the physical, mental or social welfare of a child." *J.S.*, 846 N.W.2d at 41 (citation omitted). The State may establish "harmful effects" by showing "there was harm to a child's physical, mental, or social well-being or such harm was imminently likely to occur." *Id.* at 42. "Hence, a juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care." *Id.*

Upon our review, we find the State established by clear and convincing evidence that the children could not be returned to their mother's physical custody at the termination hearing.

**B. Best interests.**

The paramount concern in a termination proceeding is the best interests of the child. *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011). The child's safety and the need for a permanent home are the "defining elements in a child's best

interest." *See A.M.,* 843 N.W.2d at 113 (citing *In re J.E.,* 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially)). There is no all-encompassing best-interests standard to override the express terms of the statutory language. The court must consider whether to terminate by applying the factors in Iowa Code section 232.116(2) and, if the factors require termination, the court must determine if an exception under Iowa Code section 232.116(3) applies. *P.L.,* 778 N.W.2d at 40. The best interests of the child are to be determined by looking at the child's long-range, as well as immediate interests. *J.E.,* 723 N.W.2d at 798; *In re C.K.,* 558 N.W.2d 170, 172 (Iowa 1997). "It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." *A.B.,* 815 N.W.2d at 778 (quoting *C.K.,* 558 N.W.2d at 175).

The children are integrated into the foster home, they are thriving, and the foster parents are willing to provide a "forever home" for the children and provide continued stability and permanency. Continued stability and permanency in this home are in these children's best interests. *See* Iowa Code § 232.116(2)(b); *M.W.,* 876 N.W.2d at 224–25 (concluding termination was in best interests of children where children were well-adjusted to home with their foster parents, the foster parents were "able to provide for their physical, emotional, and financial needs," and the foster parents were prepared to adopt the children). Under the record here, we cannot find that the parent-child relationship is so strong that it outweighs the need for termination. Failing to have any contact with these children for five months before the termination hearing, and not attending the hearing undercuts those claims of closeness. Termination is in the children's best interest, and no exception applies to prevent termination.

**C. Request for extension.**

Finally, we see no basis to grant the mother's request for an extension. To grant an extension of six months, under Iowa Code section 232.104(2)(b), the court must determine the need for removal will no longer exist at the end of that time. *In re A.A.G.*, 708 N.W.2d 85, 89 (Iowa Ct App. 2005). Based upon this record, we do not know if the mother has re-surfaced. The family has been involved with the court for three plus years. The mother has failed in her treatments; failed to maintain sobriety and freedom from methamphetamine. For the last five months her whereabouts have been unknown and she has not had any contact with these children. We see no evidence of the requisite finding.

**CONCLUSION.**

Upon our de novo review, we affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**